**Benjamin SMITH by Thomas SMITH,
Guardian and Conservator,
Plaintiff/Appellant,**

v.

**ALLIED SERVICES, LLC and Randy
Hankins, Defendants/Respondents.**

**No. ED 89928.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 26, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 9, 2008.

Application for Transfer Denied
Nov. 25, 2008.

Roy A. Walther, Julie Devine, Walther–Glenn Law Associates, St. Louis, MO, for plaintiff/appellant.

Donald L. O'Keefe, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, MO, Paula M. Carstensen (pro hac vice), Agelo L. Reppas, Bates & Carey LLP, Chicago, IL, for defendants/respondents.

Before BOOKER T. SHAW, P.J., and KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J.

## ORDER

PER CURIAM.

Thomas Smith (Plaintiff), as guardian and conservator of the person and the estate of his son, Benjamin Smith (Smith), appeals from the judgment entered against him and in favor of Allied Services, LLC (Allied) and Randy Hankins (Hankins) (collectively Defendants) for injuries Smith sustained in a collision between his vehicle and a garbage truck driven by Hankins. Plaintiff filed a lawsuit for damages against Allied and Hankins alleging Hankins was negligent in the operation of his vehicle and as a result caused or directly contributed to Smith's injuries. Defendants denied all allegations of negligence and raised the affirmative defense of comparative fault. Following a jury trial, Smith was found 100% at fault and judgment was entered on the verdict.

On appeal, Plaintiff argues the trial court erred in (1) overruling his objection to testimony that Smith was an alcoholic and had a pre-existing brain injury caused by chronic alcoholism; (2) refusing to hold a pre-trial hearing regarding Smith's competency to testify at his deposition; (3) overruling his objection to reading portions of Smith's deposition because the evidence showed that Plaintiff was incompetent to testify at his deposition, and; (4) overruling his objection to reading portions of Smith's deposition in which Defendants impeached Smith with his past DWI convictions. We affirm.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claim of error to be without merit. An extended opinion would have no precedential value or serve any jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).